IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

    Plaintiff

v.

OSCAR MARTINEZ-HERANDEZ (1)

    Defendant

CRIMINAL NO.: 15-0075-01 (JAF)

**MOTION TO DISMISS INDICTMENT DUE TO CONFLICT OF INTEREST
OF SUPERVISING PROSECUTOR PROSECUTION IN THIS CASE**

**TO THE HONORABLE COURT**:

    **COMES NOW**, the defendant Oscar Martínez-Hernández (hereafter, "Martinez-Hernandez") represented by the undersigned court-appointed defense counsel, and hereby respectfully **STATES** and **PRAYS** as follows:

## I. INTRODUCTION

    1. On January 28, 2015, the Grand Jury returned an Indictment against nine defendants alleging murder, conspiracy to murder and murder for hire, relative to the shooting death of former MDC Guaynabo Lieutenant, Osvaldo Albarati Casañas on the late evening of February 26th, 2013. The Government has filed a notice that defendants one through six face the possible punishment of death. Martinez Hernandez, who is defendant number one (1), has been charged in the indictment as to all offenses; moreover, the Government has asserted the theory that Martinez

Hernandez was among the financiers of the murder conspiracy.

    2.  The matter presented herein arises from Martinez Hernandez' prior cases[1], 11-241-10 (DRD); 99-351 (JAF); 99-352 (JAF) and 01-379 (JAF) (hereafter, "the prior federal cases"). Martinez Hernandez was represented on those cases by Esther Castro Schmidt and former Assistant United States Attorney Sonia Torres Pabón.  Prior to his sentence on 11-241-10, Martinez Hernandez learned that Torres had a conflict of interest and raised the issue before and after disposition of the prior federal cases.  Successor counsel, Rafael Castro Lang, filed a motion alleging that Martinez Hernandez' Sixth Amendment right to conflict free representation was violated because Torres participated in the prosecution of Martinez Hernandez in at least one of the prior federal cases.  Furthermore, the pleadings asserted that then-First Assistant United States Attorney Maria Dominguez improperly cleared Torres to assume the legal representation of Martinez Hernandez.  The allegation of impropriety on the part of FAUSA Dominguez, including accusing her of ethical violations and a flawed, corrupt or otherwise grossly negligent clearance to Torres was raised prior to the filing of the instant case.  Notwithstanding the pending misconduct allegations against her, FAUSA Dominguez participated in the investigation, indictment and prosecution of this case.  However, to comply with the requirements of the Due Process Clause, what she was required to do was to recuse herself from participation in the instant case. Her failure to do so despite an obvious conflict requires dismissal of the indictment.

    3. Furthermore, the Eighth Amendment requirement for a heightened standard of reliability in capital proceedings (*See, e.g., Caldwell v. Mississippi*, 472 U.S. 320, 340 (1985), is of particular application in the context presented herein, where no less than an unbiased investigation and

---

[1] Charging conspiracy to possess with intent to distribute controlled substances within La Perla Ward, in San Juan Puerto Rico.

objective weighing of the evidence prior to the filing of charges is required, an element of impartiality and fairness not present due to the matters raised by Martinez Hernandez against both FAUSA Dominguez and his former counsel Sonia Torres Pabón.

## II. FACTS OF THE CASE AND BACKGROUND

A      The Conflict and ensuing litigation

4. On June 27th, 2011 the Indictment[2] in Cr. 11-241(DRD) (hereafter "the La Perla case") was handed down charging over 100 defendants, including Martinez Hernandez, with conspiracy to possess with intent to distribute in excess of one kilogram of heroin, five kilograms or more of cocaine, more than 1,000 kilos of marihuana, and detectable amounts of oxycodone and Xanax in La Perla, San Juan within 1,000 feet of a public school all in violation of 21 U.S.C. §§ 841 and 860 (Count One); substantive counts for possessing with intent to distribute heroin (Count Two), cocaine (Count Three), and marihuana (Count Four) all in violation of 21 U.S.C. §§ 841(a)(1) and 860 and 18 U.S.C. § 2.  Other defendants were charged with 18 U.S.C. § 924(c) firearms and 18 U.S.C. § 1956(b) money laundering offenses.  This indictment was superseded on September 19th, 2011.

5. At the time these charges were handed down, Martinez-Hernandez had three pending drug related indictments, to wit, 99-351 (JAF), 99-352 (JAF); and 01-379 (JAF).

6. After being considered by authorities a fugitive for some 12 years, Martinez-Hernandez was arrested in Venezuela on January 4, 2012 and extradited to the United States where he made an initial appearance on January 25, 2012, on the La Perla case and the prior federal indictments.

---

[2] *See* Exhibit 1

7. On March 29th, 2012 Martinez Hernandez met with attorney Sonia Torres in order to discuss her possible engagement to represent Martinez Hernandez in all four cases. Torres, a former Assistant United States Attorney for the District of Puerto Rico from 1995 through December 2006, was Chief of the Criminal Division of that office from July 2002 through September 2006.[3]

8. At the time of the initial meeting, and according to information available on the record,[4] Torres discussed with Martinez Hernandez her previous employment in the USAO-PR. Some discussion was devoted to the need to clear potential conflicts of interests arising from possible involvement with the prior and pending federal cases of Martinez Hernandez. Although the pleadings reflect divergence as to the scope and clarity of the disclosures made by Torres to Martinez Hernandez about the existence of potential conflicts, these differences are immaterial to the matters presented in this motion.

9. On April 30th, 2012, an email between Torres and FAUSA Maria Dominguez indicates that 1) Torres sought a potential conflict of interest "clearing" from FAUSA Dominguez; 2) FAUSA Dominguez informed Torres that no potential conflict appeared to exist; and, 3) as a result, Torres would be filing a notice of appearance in all four cases. (*See* exhibit 3, pages 9-10).

10. On May 2nd, 2012, e-mails between AUSA George A. Massucco, lead prosecutor in the La Perla case, reveal that: 1) Torres advised Massucco that she would be representing Mr. Hernandez in all four cases; 2) Torres requested from Massucco a proffer meeting in order to discuss the evidence in the case; 3) Massucco questioned the determination that no conflicts existed saying: "No conflicts? Cases 99-351, 99-352, 01-379? They were on your watch. Is this

---

[3] *See* Exhibit 2
[4] *See* exhibits 3-8

guy going to cooperate or what? Much of the evidence you will be looking for comes from cooperators who will not be burned for your guy's sake. I believe there are 3 or 4 in 379 alone. I have a few recordings that I am tracking down. When I get out of court I will call you"; and, 4) Torres responded that she had reviewed "the old dockets", which showed she had not signed any of the indictments; she had requested that FAUSA Dominguez "review the files for actual conflict"; FAUSA Dominguez advised Torres that there were no conflicts, and that Martinez Hernandez was interested in an agreement that would resolve all four cases. (*See* exhibit 3, page 10).

11. As a consequence of Torres' representations regarding absence of conflict based on FAUSA Dominguez' clearance, Martinez-Hernandez retained Torres who filed her notice of appearance in the District Court in all four cases.[5]

12. Because an agreement was reached that would dispose of all four cases, a Change of Plea Motion was filed on August 3, 2012 pursuant to the terms of a plea agreement. A change of plea hearing was held on 8/07/12.[6] A sentence date was set for March 5th, 2013.

13. On August 14, 2012, for reasons that are not reflected in the record, Martinez Hernandez fired both Torres and Castro Schmidt. (*See* exhibit 2 at page 36).

14. On August 16th, 2012, attorney Luis Rivera-Rodriguez filed an appearance.[7] On August 17th, 2012 attorneys Sonia Torres and Esther Schmidt withdrew their legal representation.[8]

---

[5] *See* Exhibit 9
[6] *See* Exhibit 10
[7] *See* Exhibit 11
[8] *See* Exhibit 12 and 13

15. On August 28th, 2012 a judgment of dismissal as to the three prior federal cases was signed by this Court. The remainder of the year, and beginning of year 2013 reveals no event or pleading that may have any bearing on the issues asserted herein.

16. On March 5th, 2013, the day of sentencing, Rivera-Rodriguez filed a Motion to Continue Martinez Hernandez' sentence hearing alleging that he had recently discovered that former defense counsel Torres had an actual conflict of interest which should have prevented her from assuming his legal representation and Torres' conflict had deprived him of effective assistance of counsel during the pre-trial and plea bargaining process.[9] This motion was denied, and sentence proceeded on that date. Martinez Hernandez was sentenced to serve a term of imprisonment of 300 months for the La Perla case, to run concurrently with both a state level sentence and a pending supervised release violation in 94-214 (GAG).

17. On March 19, 2013 Martinez-Hernandez filed a Motion to Dismiss or to Withdraw Guilty Plea.[10] The motion asserted the existence of a conflict of interest in that Torres had failed to disclose that she was involved in the prosecution of 01-379 (JAF), a violation of Martinez Hernandez' Sixth Amendment right to conflict free representation. The District Court ordered the government and attorneys Castro-Schmidt and Torres to respond.

18. On May 7th, 2013, the Government filed its opposition to the Motion to Dismiss or to Withdraw Guilty Plea.[11]

---

[9] *See* Exhibit 14
[10] *See* Exhibit 3
[11] *See* Exhibit 4

19. On May 9th, 2013, Attorney Esther Castro-Schmidt filed her motion in compliance, or in response to the Motion to Dismiss or to Withdraw Guilty Plea.[12]

20. On May 9th, 2013, Attorney Sonia Torres filed her motion in compliance, or in response to the Motion to Dismiss or to Withdraw Guilty Plea.[13]

21. On July 16th, 2013, attorney Rafael Castro-Lang filed an appearance and a Nunc Pro Tunc Motion to Set Aside Judgment, Annul All Proceedings and Dismiss the Indictments.[14]

22. Up until this time, the position of Attorneys Torres and Castro Schmidt, as well as the Government's was that Torres' involvement in case 01-379 (JAF), while she was an AUSA, had been "perfunctory," therefore not fulfilling the "personally and substantially" definition espoused in Title 18 USC section 207 (a)(1), regulating employment of former government employees. The statute bars any former officer or employee of the executive branch, such as a prosecutor, from becoming involved or engaged and/or acting on behalf of person, after cessation of official duties as an employee of the executive, in a matter where such former employee had been personally and substantially involved.

23. The Nunc Pro Tunc Motion to Set Aside Judgment, Annul All Proceedings and Dismiss the Indictments[15] made new assertions that belied all claims of perfunctory involvement, elevating the matter of the conflict to a new, discrete and concrete level. The new information was that Ms. Torres, while a prosecutor, developed a cooperating government witness named Orlando Rosa Rodriguez. The discovery in cases 99-352 (JAF) and 01-379 (JAF) which was provided on June 4, 2012, contained debriefing notes of a proffer session with Rosa Rodriguez which reflected that

---

[12] *See* Exhibit 5
[13] *See* Exhibit 2
[14] *See* Exhibit 6
[15] *See* Exhibit 6

7

this witness was providing cooperation as to Martinez Hernandez concerning the witness's "knowledge and participation in drug trafficking activities at La Perla," making him a logical witness in the La Perla Case, which incorporated within the conspiracy the time period covered in the prior indictments.

24. The motion further asserts that Torres' "recruitment and personal participation with cooperating witness Orlando Rosa is sufficient to establish that she was personally involved in the prosecution of Martinez-Hernandez in at least 3 indictments." Thus, the motion goes on to say that Torres was in fact "personally and substantially" involved within the meaning of the prohibition 18 USC section 207 (a)(1). Most importantly, the motion states that Martinez-Hernandez "suffered actual prejudice as a result of the representation of Torres since she could not litigate any of the cases due to the real possibility that her cooperating witness Orlando Rosa Rodriguez could testify at trial. Not only did she have privileged government information obtained from him while she was an AUSA implicating defendant in the offense conduct charged in all the pending indictments, she had also interviewed defendant and discussed with him the testimony of Orlando Rosa Rodriguez."

25. The motion identifies actual prejudice to Martinez Hernandez arising from an undue delay in prosecuting Martinez-Hernandez in the prior indictments, because, in spite of the fact that Martinez-Hernandez' whereabouts in Venezuela were known to the government, it failed to extradite him for prosecution for more than 12 years. As has already been noted, Torres was not only directly involved in those cases, she was the Chief of the Criminal Division for four years beginning in 2002. Consequently, since such undue delay might warrant the remedy of dismissal with prejudice under *Doggett v. United States*, 505 U.S. 647 (1992), Martinez-Hernandez argued

that Torres failed to raise this claim on his behalf because, in so doing, she would have had to argue that she was negligent in prosecuting the charges in a timely fashion.

26. The motion alleges an improper "conflict clearance" by FAUSA Dominguez, for failure to follow procedures contained in 5 CFR 2638.301(a). That regulation requires consultation with an Agency Ethical Official at the US Office of Government Ethics on Preventing Conflicts of Interests. The motion also claims that the contact between Torres and FAUSA Dominguez was an "advocacy contact" prohibited by Title 18 USC § 207(a). The motion concludes that: "Having a lifetime prohibition under 18 U.S.C. § 207(a)(1) from assuming the legal representation of Martinez Hernandez and having obtained improper authorization to represent him by the US Attorney's Office, due process constitutional and Sixth Amendment right to counsel violations have occurred that require dismissal of all indictments. Martinez Hernandez was for all legal purposes being prosecuted and defended at the same time by the government. The government was a party to these constitutional violations that raise serious issues of complicity, willful blindness and at the very least gross negligence in allowing this to happen. This constitutes outrageous misconduct that under the supervisory powers of the Court to prevent this from occurring again warrants dismissal of the indictments against Martinez Hernandez as an appropriate sanction. . . . The Government subverted Defendant's Sixth Amendment right to conflict free representation."

27. On September 27th, 2013 the United States filed its opposition[16] ignoring the potential ethical issue arising from the need to cross examining a witness about whom Torres had privileged confidential information as a result of her duties as a prosecutor; the issue relative to the *Doggett*

---

[16] *See* Exhibit 7

claim; and the issue presented that the USAOPR and/or FAUSA Dominguez failed to follow procedures contained in 5 CFR 2638.301(a).

28. On October 25th, 2013, Martinez Hernandez filed his opposition to the Government's response,[17] noting the failure of the United States Attorney's Office for the District of Puerto Rico and/or FAUSA Dominguez to obtain an ethics ruling from the US DOJ's Ethics division as required by DOJ Regulations; reiterating the existence of a conflict arising from Torres' contact as a prosecutor with witness Orlando Rosa; highlighting Torres' failure to raise a meritorious defense strategy under *Doggett*, because doing so would have placed her in an ethical quandary; all resulting in an attorney-client relationship burdened with an impossible conflict, in violation of well-settled Sixth Amendment rights.

29. On May 6th, 2014, Honorable Judge Daniel R. Dominguez issued an opinion and order denying the Nunc Pro Tunc Motion to Set Aside Judgment, Annul All Proceedings and Dismiss the Indictments,[18] finding that Torres was not personally or substantially involved with the pending and prior federal cases; there was no proof of her involvement with witness Orlando Rosa; the procedures contained in 5 CFR 2638.301(a) were optional, not mandatory; and dismissing the *Doggett*-related claims under an ineffective assistance of counsel analysis, but declining to apply a conflict analysis under *Cuyler v. Sullivan*, 446 US 335 (1980).

---

[17] *See* Exhibit 8
[18] *See* Exhibit 6

**B.     FAUSA Dominguez' subsequent involvement in the investigation and prosecution of criminal case 15-0075-01, United States of America v. Oscar Martinez Hernández.**

30.  FAUSA Dominguez was actively involved with the investigation of this case against Mr. Martinez. She authorized a number of search warrants that AUSA Julia Diaz Rex was seeking to apply for before the Court[19].

31. FAUSA Dominguez signed the indictment in this case, in her capacity as First Assistant US Attorney on January 28th, 2015.

32. FAUSA Maria Dominguez entered her appearance as the case as lead prosecutor on January 28th, 2015.

## III.  MEMORANDUM OF LAW

The American Bar Association Standards for Criminal Justice, Third Edition—The Prosecution Function, Standard 3-1.3(a) "Conflicts of Interest" provides that "[a] prosecutor should avoid conflict of interest with respect to his or her official duties."  It is axiomatic that the prosecutor is vested with considerable discretionary power to decide who will be charged and how crimes are to be prosecuted.  As the Supreme Court stated in *Berger v. United States*, 295 U.S. 78, 88 (1935), the prosecutor "is the representative not of any ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern all;  and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."  It is this broad discretion that demands that a prosecutor perform her functions with the highest degree of impartiality and the appearance of impartiality. *See People v. Superior Court of Contra Costa County*, 19 Cal.3d 255, 137 Cal. Rptr. 476, 561 P.2d 1164 (1977); cited with approval *County of Santa Clara v. Superior Court*, 50 Cal.4th 35, 48, 235 P.3d 21, 112

---

[19] *See* Exhibit 15.

Cal.Rptr.3d 697 (2010).

Just as due process is violated when a judge has a personal interest in a case, it is also violated where a prosecutor's participation in a case may raise questions regarding impartiality. See *United States v. Schell*, 775 F.2d 559 (4th Cir. 1985); *Granger v. Peyton*, 379 F.2d 709 (4th Cir. 1967). In *Granger*, the Fourth Circuit found a conviction to have been "constitutionally invalid" where the prosecutor in an assault case also represented the defendant's wife in a divorce proceeding based upon the same assault allegation. The court held that the conflict "violates the requirement of fundamental fairness assured by the Due Process Clause of the Fourteenth Amendment." Id. at 714. Accord, *United States v. Schell*, supra, 775 F.2d at 566.

It is improper for a prosecutor to participate in a case when a threat has been posed to her interests in her personal and professional reputation by an allegation of bad faith in the exercise of official duties. See *United States v. Heldt*, 668 F.2d 1238, 1275 (D.C. Cir. 1981). While accusing a prosecutor of wrongdoing in a legal action does not always require disqualification, see *United States v. Kahre*, 737 F.3d 554 (9th Cir. 2013), where proof of a conflict is clear and convincing, a prosecutor has an ethical duty to remove herself from the case.

Courts have broad discretion in deciding whether an attorney should be disqualified. *Sherrod v. Berry*, 589 F. Supp. 433, 437 (N.D. Ill. 1984). Doubts as to whether an attorney should be disqualified are to be resolved in favor of disqualification." *Manior-Electroalloys Corp. v. Amalloy Corp.*, 711F. Supp. 188, 194 (D.N.J. 1989). Prosecuting attorneys, including United States Attorneys, have been disqualified from the prosecution of certain cases under a number of circumstances. The United States District Court for the District of Puerto Rico has previously disqualified a United States Attorney from a case where his brother was participating as a government witness in a grand jury investigation. *In re Grand Jury Proceedings*, 700 F. Supp. 626

(D. Puerto Rico 1988). Similarly, in *United States v. Omni International Corporation*, 634 F. Supp. 1414 (D. Md. 1986) the Court disqualified an Assistant U.S. Attorney, Special Agent and Revenue Agent involved in an investigation and prosecution after the Court found numerous acts of misconduct. See also *United States v. Heldt*, 668 F.2d 1238, 1275 (D.C. Cir. 1981) (disqualifying prosecutor based on allegations of bad faith performance in civil case); *Marshall v. Jerrica, Inc.*, 446 U.S. 238, 249-252 (1980) (due process violation where a prosecutor has a personal interest in the enforcement process); *Granger v. Peyton, supra,* 379 F.2d 709 (vacating conviction on due process grounds where prosecutor represented wife in divorce while prosecuting husband); 28 U.S.C. §528 (disqualifying prosecutor from participating in litigation in which he has personal interest); Section 1-3.515 of the United States Attorneys' Manual (1985).

Government attorneys and agents are properly disqualified from further participation in grand jury investigations and prosecutions where other measures are insufficient to remedy the attorney's violations. In *In re Grand Jury Proceedings John Doe# 462*, 757 F.2d 600, 601 (4th Cir. 1985), the District Court disqualified an Assistant U.S. Attorney and two law enforcement agents after they read attorney-client privileged documents which were inadvertently not redacted from a defendant's document production by the United States. The Court found that the government's proposed remedy (No further use and return of the documents) "would not adequately maintain the integrity of the confidential attorney-client privilege, and cannot insure that those who have viewed the documents will not, even subconsciously, be affected by the knowledge gained thereby pursuing the investigation . . ." *Id*. at 602. The Court then disqualified both the attorney and the two agents, and required the three to file all notes in connection with the review of the documents under seal. *Id. See also United States v. Catalanotto*, 468 F. Supp. 503 (D. Ariz. 1978) (disqualifying an entire office of the United States Attorney who formerly

represented a defendant). Courts have also held that it is an appropriate remedy to disqualify attorneys for breaches of ethical standards. See *McCallum v. CSX Trasnp.* Inc., 149 F.R.D. 104 (M.D.N.C. 1993); *Brown v. State,* 921 S.W.2d 227, 230 (Tex. Crim. App.1996).

In this case, the events which gave rise to the conflict occurred with the filing on July 16, 2013 of the post-sentencing Motion to Set Aside the Judgment in the 11-241 indictment, well before charges were filed in this case, but during the ongoing investigation of the murder charged in this indictment. That motion alleged that FAUSA Maria Dominguez failed in her official duties when she improperly cleared former AUSA Sonia Torres as free from conflict in her proposed representation of Mr. Martínez Hernandez. Dominguez gave this clearance despite the fact that Torres had a clear conflict of interest for multiple reasons. The motion accused Dominguez of failing to follow procedures set forth in the CFR requiring her to consult with government ethics officials and of engaging in advocacy contact with Torres, which is prohibited by 18 U.S.C. § 207(a)(1). It also accused Dominguez of complicity, willful blindness and gross negligence in violation of Mr. Martínez Hernandez Sixth Amendment right to conflict-free representation.

Despite having been the subject of very serious accusations of bad faith in the exercise of her official duties and impugning her professional reputation, accusations which are now the subject of an appeal pending before the First Circuit, Dominguez continued to involve herself in the investigation leading to this indictment, knowing full well that Martínez Hernandez was a target. She authorized search warrants, signed the indictment and enter her appearance as counsel of record, formally withdrawing when she left the office in March 2015. She supervised the presentation to the grand jury which heard testimony in July and August, 2014 and January 2015. All of this she did while having a clear conflict of interest with a target of the investigation, and later defendant, who had accused her of wrongdoing.

**WHEREFORE**, it is respectfully requested that this Honorable Court dismiss the indictment as to Mr. Martinez Hernandez, or, alternatively, order disclosure of all the internal and external communications of the U.S. Attorney's office concerning the potential conflict of interest of Sonia Torres and/or the participation of FAUSA Maria Dominguez in the investigation and prosecution of this pending case and any investigations conducted or complaints filed in any federal agency arising out of the conflict clearance.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 4th day of March, 2016.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send automatic notification of such filing to all counsel of record.

> **S/JOSE LUIS NOVAS DEBIÉN**
> **USDC-PR #213905**
> PMB 382
> Calaf 400
> San Juan, Puerto Rico 00918
> Tel.: 787-754-8300
> Cel.: 787-640-2174
> Fax: 787-766-3221
> E-mail: jnovas1@gmail.com
>
> **S/ Jean D. Barrett**
> **JEAN D. BARRETT, ESQUIRE**
> Ruhnke & Barrett
> 47 Park Street,
> Montclair, New Jersey 07042
> 973-744-1000
> 973-746-1490 (fax)
> jeanbarrett@ruhnkeandbarrett.com
> Learned Counsel for Oscar Martínez-Hernández